**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-6834**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

RODNEY WAYNE BARNES, a/k/a C,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, Senior District Judge. (3:10-cr-00032-NKM-1; 3:13-cv-80601-NKM-RSB)

———————

Submitted: October 28, 2015                Decided: June 20, 2016

———————

Before WILKINSON, KING, and DIAZ, Circuit Judges.

———————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————

Rodney Wayne Barnes, Appellant Pro Se.  Heather Lynn Carlton, Ronald Mitchell Huber, Assistant United States Attorneys, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Wayne Barnes seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2255 (2012) motion and denying his motion for reconsideration. This Court granted a certificate of appealability on the issue of whether Barnes' trial counsel performed deficiently with regard to his advice pertaining to the potential for a second 21 U.S.C. § 851 (2012) enhancement. For the reasons that follow, we conclude that Barnes failed to show that counsel's performance was deficient.

In October 2010, a federal grand jury returned a 5-count superseding indictment charging Barnes, and 7 other defendants, with conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, 100 grams of heroin, and 500 grams of powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 21 U.S.C. § 846 (2012) (Count 1); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2012) (Count 2); two counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012) (Count 3 and 4); and aiding and abetting another in the distribution of crack cocaine, in violation of 18 U.S.C. § 2 (2012) and 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 5). The Government filed notice, pursuant to 21 U.S.C. § 851, of its intent to seek an enhanced statutory sentencing range due to Barnes' prior felony

drug conviction, specifically his 2001 Virginia conviction for distribution of a controlled substance.

A defendant convicted of a drug trafficking offense is subject to an enhanced statutory sentencing range of 20 years to life if his instant conviction occurs "after a prior conviction for a felony drug offense has become final" or a mandatory sentence of life imprisonment if his conviction occurs "after two or more prior convictions for a felony drug offense have become final." 21 U.S.C. § 841(b)(1)(A). A "[f]elony drug offense" is defined under 21 U.S.C. § 802(44) (2012) as "an offense that is punishable by imprisonment for more than one year under any law . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana [sic], anabolic steroids, or depressant or stimulant drugs." Barnes contends that counsel erroneously advised him that he was eligible for more than one § 851 enhancement.

To prove a claim of ineffective assistance of counsel, a "defendant must show [(1)] that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of a conviction following a guilty plea, a defendant can show prejudice only by demonstrating "'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to

3

trial.'"  Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Barnes' plea agreement included a provision confirming Barnes' understanding that the Government intended to seek a § 851 sentence enhancement based on his 2001 Virginia conviction for possession with intent to distribute cocaine.  The plea agreement further provided that, if Barnes complied with his obligations under the plea agreement, "the Government will agree not to seek additional enhancement of [Barnes'] penalty range, pursuant to 21 U.S.C. § 851, by reason of any other prior convictions for felony drug offenses which [Barnes] may have, other than [the 2001 Virginia conviction for possession with intent to distribute cocaine]."

During the Fed. R. Crim. P. 11 hearing, defense counsel stated that, although Barnes stipulated to one § 851 enhancement, he benefited from the plea agreement because the Government could have, but agreed not to, file more than one § 851 enhancement, which would have subjected Barnes to a mandatory life sentence.  After the court accepted Barnes' guilty plea, the Assistant United States Attorney stated for the record that the Government did not think that a second § 851 enhancement would have been possible.  The court asked, "Does everyone understand that?  It doesn't change anything, I take it."  Neither Barnes nor his defense counsel answered.

4

Barnes asserts that counsel was ineffective for representing that the Government could have pursued a second § 851 enhancement and that he was prejudiced because he pled guilty based on this representation. Counsel concluded that his client was eligible for a second § 851 enhancement based on Barnes' May 2000 Maryland felonious possession of heroin conviction, for which he was sentenced to five years' imprisonment. We accord defense counsel's "reasonable professional judgment . . . a heavy measure of deference," Strickland, 466 U.S. at 690-91, and hold that Barnes has failed to show that his attorney's performance was deficient.

We therefore affirm the district court's orders denying relief on this ineffective assistance claim and denying Barnes' motion for reconsideration of this issue. We deny a certificate of appealability and dismiss the appeal as to all other claims. Barnes' motion for appointment of counsel is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART

5